# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS MATOS, JR., | 04 CV F 5321 REC LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS (Doc. 26) |
| v. | |
| PEREZ, et al., | |
| Defendants. | |

**A. INTRODUCTION**

    Santos Matos, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his original Complaint on February 19, 2004. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on May 9, 2004. The Court found that Plaintiff stated a cognizable claim under section 1983 against Defendants M. True and S. Perez for excessive force, and Defendants A.R. Medina, K. Crouch, and M. Grimes for failure to protect, both in violation of the Eighth Amendment. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 567 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003).

Defendants M. True, S. Perez, A.R. Medina, M. Grimes and K. Crouch requested a thirty day extension of time to file a response to Plaintiff's Complaint on September 30, 2005. The Court granted Defendants request for extension on October 27, 2005. Pending before the court is Defendants Motion to Dismiss filed on November 21, 2005.

**B. UNENUMERATED 12(B) MOTION TO DISMISS - EXHAUSTION**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit. 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants' have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general

1  principle that summary judgment is on the merits while dismissal of an action for failure to
2  exhaust is not on the merits, the failure to exhaust non-judicial administrative remedies that are
3  not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary
4  judgment motion.  Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b).  In
5  deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
6  beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  If the Court concludes
7  that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal
8  without prejudice.  Id.

**C. PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on August 27, 2002, at approximately 7:30 p.m., he had a verbal disagreement with Defendant S. Perez at Wasco State Prison.  (Compl., ¶ 16.)  According to Plaintiff, Defendant S. Perez ordered him to turn around and "cuff up."  (Compl., ¶ 17.) Plaintiff alleges he complied with the order, and that Defendant A.R. Medina was present during the handcuffing.  (Compl., ¶ 17.)  Plaintiff claims, a few minutes later, Defendant M. True arrived at the scene where he was handcuffed.  (Compl., ¶ 18.)  Plaintiff alleges that upon Defendant M. True's arrival, Defendant S. Perez began to hit Plaintiff with a baton multiple times in his arms and wrists while he made "stop-resisting" comments.  (Compl., ¶ 20.) Defendants M. True and S. Perez, Plaintiff claims, hit him in the stomach two to three times, causing him to fall to the ground.  (Compl., ¶ 21.)  Plaintiff states that Defendants K. Crouch and M. Grimes, who were not initially present, were present when Plaintiff was beaten and fell to the ground.  (Compl., ¶¶ 19, 21.)

After the initial beating, Plaintiff alleges that Defendants S. Perez and M. True dragged him into a holding cell in a nearby program office.  (Compl., ¶ 22.)  Defendants K. Crouch and M. Grimes followed them into the holding cell and continued to observe the incident.  (Compl., ¶ 22.)  Plaintiff contends that Defendant S. Perez beat him again with a nightstick and simultaneously Defendant M. True used physical force against him.  (Compl., ¶ 23.)

Plaintiff claims that after the beatings, a medical assistant was never summoned to inspect Plaintiff's bruises and lacerations on his back, arm, and wrists.  (Compl., ¶ 24.)  Plaintiff

3

contends that he was left in the holding cell handcuffed for approximately two hours on August 27, 2002. (Compl., ¶ 25.) During those two hours, Plaintiff claims that Defendant A.R. Medina checked on him once. (Compl., ¶ 25.) Plaintiff states five correctional officers, one being Defendant M. True, escorted him back to his cell shortly before 10:00 a.m., and, as he approached his cell, Defendant S. Perez was exiting his cell. (Compl., ¶ 26.)

On August 28, 2002, Plaintiff claims he went to the medical department and was seen by nurse Strong, who issued him Tylenol and an ice pack for his bruises and lacerations. (Compl., ¶ 27.) Strong advised Plaintiff that he should see a doctor for his injuries. (Compl., ¶ 27.) Plaintiff went to see a doctor on August 30, 2002. (Compl., ¶ 28.) On January 2003, Plaintiff had back surgery to repair damage from the beatings. (Compl., ¶ 30.) According to Plaintiff, a neurosurgeon at Salinas Valley Memorial Hospital advised him that he should have a second back surgery in the future. (Compl. ¶ 30.)

Plaintiff states that he had no prior psychological or mental problems. Approximately a week or two after the beatings, Plaintiff claims he was placed in California Department of Corrections, Correctional Clinical Case Management System due to his fear from the beating and certain prisoner officials. (Compl., ¶ 29.) In March 2003, Plaintiff transferred to Soledad and he continued to see psychiatrists and psychologists for his mental condition. (Compl., ¶ 31.)

Plaintiff alleges that Defendants S. Perez and M. True violated his Eighth Amendment rights when they used excessive force against him. (Compl., ¶¶ 34, 35, 36.) Finally, Plaintiff asserts that Defendants A.R. Medina, K. Crouch, and M. Grimes acted with deliberate indifference to his personal health and safety when they observed the incident and failed to prevent the beatings. (Compl., ¶¶ 37, 41, 42.)

**D. ANALYSIS**

Defendants argue that Plaintiff's Complaint should be dismissed, without prejudice, because he failed to exhaust the administrative remedies. Defendants contend that Plaintiff filed an appeal at the informal level that was bypassed to the second level on October 2, 2002, concerning a CDC Form 115, Serious Rules Violation Report (RVR), arising out of the August 27, 2002, incident involving Defendant S. Perez. According to Defendants, Plaintiff made no

allegations against Defendants for excessive force or failure to protect in his appeal. (Declaration of N. Grannis in Support of Defendants Motion to Dismiss, ¶ 10; Attachment 1; Declaration of A.S. Altnow in Support of Defendants Motion to Dismiss ¶ 5 (a) & (b)). Rather, Plaintiff only submitted a claim that he was denied due process at a disciplinary hearing. (Declaration of N. Grannis in Support of Defendants Motion to Dismiss, ¶ 10; Declaration of A.S. Altnow in Support of Defendants Motion to Dismiss ¶ 5 (a)). Finally, Defendants state that Plaintiff's claim was denied at the director's level on May 15, 2003. (Declaration of N. Grannis in Support of Defendants Motion to Dismiss, ¶ 10).

A review of the attachments provided in the Motion to Dismiss reveals that Defendants are correct in their assertion that Plaintiff did not grieve the issue presented in this case.[1] Defendants submitted Plaintiff's informal appeal that was bypassed to the second level of review in their Motion to Dismiss. (Attachment 1). In Plaintiff's appeal, he alleges a claim against Wasco State Prison administration staff for violating his due process rights. However, the appeal does not assert allegations of excessive force and failure to protect in his informal appeal.

The Second Level Appeal Response indicated that Plaintiff was interviewed on November 25, 2002, by Correctional Counselor II E. Borrero, who gave him a full opportunity to explain his appeal and substantiate his appeal with evidence. (Id.) According to the Defendants, during the interview Plaintiff mentioned Defendant S. Perez used excessive force against him. (Id.) The Court finds that even though Plaintiff verbally raised his excessive force claim during the interview, that is not sufficient to exhaust his excessive force claim because he never raised it in Plaintiff's informal appeal. Furthermore, Defendants did not address the excessive force claim on the merits in the second level response.

In Plaintiff's original Complaint, he claims that Defendants S. Perez and M. True used excessive force against him, and Defendants A.R. Medina, K. Crouch, and M. Grimes failed to protect him in the beatings. (Compl., ¶¶ 34, 35, 36, 37, 41, 42.) However, the Court finds

---

[1] Defendants also inform the Court that on October 30, 2003, Plaintiff received a letter from the Director concerning his "living conditions." However, this is not relevant to the issue that Plaintiff never grieved the excessive force or failure to protect claims.

1  Plaintiff never raised the failure to protect or excessive force claims through the grievance
2  process in his informal appeal filed in October 2, 2002.  Based on the evidence before the Court,
3  the Court finds that the inmate appeal is insufficient to put the Defendants on notice of Plaintiff's
4  excessive force and failure to protect claims.

6  Even had Plaintiff's informal appeal stated a claim for excessive force and failure to
7  protect against Defendants, he would not have exhausted the administrative remedies because his
8  appeal was untimely.  The incident in Plaintiff's Complaint occurred on
9  August 27, 2002, however, Plaintiff did not file his first level appeal until October 2, 2002, thirty
10 six days after the alleged violation.
11 The Supreme Court has recently held that the Prison Litigation Reform Act of 1995
12 requires a prisoner to exhaust any available administrative remedies before challenging prison
13 conditions in federal court. Woodford v. Ngo, 126 S.Ct. 2378, 2380 (2006).  The Court agreed
14 with the plaintiff in Woodford and found that "[proper exhaustion] means . . . a prisoner must
15 complete the administrative review process in accordance with the applicable procedural rules,
16 **including deadlines**, as a precondition to bringing suit in federal court." Id. (emphasis added).
17 The California Department of Corrections has an administrative grievance system for
18 inmate appeals.  Cal. Code of Regs., tit. 15, art. 8, § 3084 *et seq.*  In order to satisfy the
19 exhaustion requirements set forth in 42 U.S.C. § 1997e(a), an inmate is required to utilize this
20 grievance procedure, and thus, must file a complaint within fifteen days of the alleged incident to
21 comply with section 3084.6(c).  The Court finds that Plaintiff has not taken all the steps
22 prescribed by the prison's grievance system to exhaust his appeal as he is twenty-one days late in
23 filing his initial appeal.  Therefore, Plaintiff has not exhausted the administrative remedies in
24 compliance with section 1997e(a).
25 **E. CONCLUSION**
26 Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's Motion to
27 Dismiss, filed November 21, 2005, be GRANTED, and this action be DISMISSED, for
28 Plaintiff's failure to exhaust the available administrative remedies prior to filing suit.

1  These Findings and Recommendations will be submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3  THIRTY (30) DAYS after being served with these Findings and Recommendations, the parties
4  may file written objections with the court.  The document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Thus, Plaintiff is advised that failure to
6  file objections within the specified time may waive the right to appeal the District Court's order.
7  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8  IT IS SO ORDERED.

10 **Dated:**    **July 26, 2006**              /s/ Lawrence J. O'Neill
    b9ed48                                             UNITED STATES MAGISTRATE JUDGE